𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
BEAUFORT DIVISION

| | |
|---|---|
| **Joseph A. Samuels, #168312,** ) | |
| ) | Civil Action No. 9:06-3345-RBH-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| **LaVern Cohen, Warden, Ridgeland** ) | |
| **Correctional Institution,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

### I.    INTRODUCTION

The Petitioner, Joseph A. Samuels ("Petitioner" or "Samuels"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.

The above-named Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

### II.    *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970

(1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing*

*Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Petitioner was indicted at the January 1997 term of Court of General Sessions for Richland County for entering a bank with intent to steal.  (App. 637)  Petitioner was represented by Deputy Public Defenders Douglas Strickler and Robert Sneed.

On July 28-29, 1997, Petitioner's case was called for trial before the Honorable Paula H. Thomas.  At the conclusion, Petitioner was found guilty of the charge.  The Petitioner was sentenced by Judge Thomas to confinement for a period of fifteen (15) years.  (App. 477)

Petitioner timely sought direct appeal review of his conviction and sentence.  (App. 643-644)  Melissa J. Reed Kimbrough, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a "Final *Anders* Brief of Appellant and petition to be relieved as counsel" on November 16, 1998, and raised the following issue:

> Whether the trial judge erred in admitting evidence of appellant's alleged prior bad acts?

After consideration of the record, the appeal was dismissed by the South Carolina Court of Appeals in an unpublished opinion filed on March 24, 1999.  (App. 511-512)  The state court issued the remittitur on June 29, 1999.

#### B.  Petitioner's First Application for Post-Conviction Relief

The Petitioner made an application for post-conviction relief ("PCR") filed May 25, 1999.  In the application , Petitioner alleged the following claims:

1. Ineffective assistance of attorney, trial and appeal;

2. Unconstitutional conviction (due process violation).

The Respondent made its Return on November 29, 1999. (App. 554-558). An evidentiary hearing into the matter was convened on May 16, 2000, before the Honorable William P. Keesley. Counsel refined and or amended the grounds to be raised, paraphrased by Respondent, as follows:

1. Trial counsel failed to present witness who would testify Petitioner was not the robber;

2. Trial counsel failed to object to solicitor's assertion made to the jury that any state evidence would be "somewhat prejudicial";

3. Trial counsel failed to call two alibi witnesses, Jackie Anders and Clarence Smith;

4. Lack of subject matter jurisdiction, institution as issue was a credit union as opposed to bank;

5. Appellate counsel failed to file a petition for rehearing;

6. Appellate counsel failed to raise lack of subject matter jurisdiction claim.

(PCR App. Pp. 566-568)

On January 11, 2001, the PCR judge entered his written order dismissing the claims with prejudice. (App. 712-725) Petitioner appealed from the denial of state PCR to the South Carolina Supreme Court, and was represented by Tara D. Shurling, Esquire. On March 11, 2002, Ms. Shurling filed a *Johnson* Petition for a Writ of Certiorari. Petitioner's appeal raised three issues:

I. Did the court lack subject matter jurisdiction to convict and sentence the Petitioner for entering a bank with intent to steal in violation of Section 16-11-380, S.C. Code Ann.?

II. Was appellate counsel ineffective for failing to appeal the trial judge's denial of the Petitioner's directed verdict motion where the evidence failed to establish a violation of Section 16-11-380, S.C. Code Ann., as a matter of law?

III. Was trial counsel ineffective in failing to object to the trial judge's coercive response to the jury's question about how long they would have to stay?

(Cert. Petition, p. 2)

The State made its return on June 25, 2002. On October 25, 2002, the Supreme Court of South Carolina granted certiorari review on questions I and II, but denied review of

question III.  On February 26, 2003, appellate counsel filed a Brief of Petitioner.  On May 16, 2003, the State filed its Brief of Respondent.  On January 12, 2004, the Supreme Court of South Carolina affirmed the denial of relief in *Samuels v. State*, Opinion No. 25770 (S.C.Sup.Ct. filed January 12, 2004), and issued the remittitur on January 29, 2004.

### C.  Petitioner's Second Application for Post-Conviction Relief

The Petitioner made a second application for post-conviction relief on October 7, 2004.  In his second PCR application, Petitioner made the following allegations:

1. Sixth (6th) Amendment Violation, Ineffective assistance of counsel pursuant to jury selections, arrest, grand jury, & Trial Procedures;
2. Due Process Violation;
3. Prosecutorial Misconduct.

The Respondent made its Return and Motion to Dismiss the application as successive and untimely on August 10, 2005.  On August 16, 2006, the Honorable J. Ernest Kinard, Jr. issued a conditional order of dismissal expressing the intent to dismiss the application as successive and untimely, but granting Petitioner the opportunity to respond.  The Petitioner made his response on August 22, 2005.  The judge rejected Petitioner's arguments and issued a final order dismissing the application on September 26, 2005.  Petitioner appealed.  On November 14, 2005, the Supreme Court of South Carolina found Petitioner "failed to show that there is an arguable basis for asserting that the determination of the lower court was improper," pursuant to Rule 227 (c), South Carolina Appellate Court Rules, and dismissed the appeal.  The State Supreme Court issued the remittitur on November 30, 2005.

### IV.  FEDERAL COURT HISTORY

Petitioner is presently incarcerated in the Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on November 28, 2006 against Henry D. McMaster, Attorney General of South Carolina, and Jon E. Ozmint, SCDC Director (collectively, the

"Respondents").[1]  [1].  In his *pro se* Petition, Petitioner has raised the following grounds for relief:

> Ground One:  Petitioner claims that he is being held unlawfully in violation of his Fourteenth (14th) Amendment Due Process right not be deprived of his liberty, except upon proof by the State "beyond a reasonable doubt" that the committed every essential element of the offense for which he was indicted and convicted.
>
> Ground Two:  Petitioner claims that he is being held unlawfully because he has been deprived of his Sixth (6th) Amendment right to "effective assistance of counsel."

On December 5, 2006, the undersigned issued an Order to terminate Henry McMaster, Attorney General for South Carolina, and Jon E. Ozmint, SCDC Director, as Respondents in this case.  The Order further directed the Clerk of Court to add LeVern Cohen, Warden of Ridgeland Correctional Institution, where the Petitioner is incarcerated, to the docket as the Respondent in this case.[2]  The Order also authorized service upon the Respondent and notified Petitioner of the change of address rule.  [5]

On February 28, 2007, the Respondents filed a Motion for Summary Judgment, and a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") with supporting exhibits.  [10; 10-1-- 10-26]

The undersigned issued an Order filed on March 1, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),[3] notifying Petitioner of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondent's Return.  [12]  On May 10, 2007, Petitioner filed a response in opposition to

---

[1]  In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.

[2]  The court notes that the correct spelling of Warden Cohen's first name is LeVern.

[3]  The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

Respondent's Motion for Summary Judgment. [20]   The Respondents elected not to file a reply.  As the issues have been joined, this case is ready for review by the undersigned.

## V.  DISCUSSION

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on November 20, 2006.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### EXHAUSTION OF STATE REMEDIES

A habeas petitioner generally must first exhaust his available state remedies before petitioning for federal habeas corpus relief. 28 U.S.C. § 2254 (b)(1)(A). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture." *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996). If a habeas petitioner still has available state remedies, however, his petition should be dismissed without prejudice to allow proper exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982)("district court must dismiss habeas petitions containing both unexhausted and exhausted claims"). The record shows no such dismissal is necessary in the instant case.

Petitioner timely pursued a direct appeal, and exhausted all of his state PCR remedies. *See generally* Rule 203 (b)(2), South Carolina Appellate Court Rules (ten (10) day limit in which to appeal after a conviction in general sessions); *Wade v. State*, 348 S.C. 255, 264, 559 S.E.2d 843, 847 (2002)("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal"); *Gibson v. State*, 329 S.C. 37, 42,

495 S.E.2d 426, 428 (1998)(exhaustion of state PCR remedies requires "filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review.")  Thus, Petitioner has no further state remedies. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)("Because '[t]his requirement ... refers only to remedies still available at the time of the federal petition,' *Engle v. Isaac*, 456 U.S. 107, 125, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783 (1982), it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law,' *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)).  This petition should not be dismissed in order to pursue available state remedies as there are none.

### C.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  In the present case, it is clear that Petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A), and, for the reasons discussed below, it is recommended that this Petition be dismissed.

The one-year statute of limitations period begins running "from the latest of" several potential starting dates.  See 28 U.S.C. §§ 2244(d)(1)(A)-(D).  In the present case, the relevant starting date is "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).  However, a "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas

petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court.  *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)").

Petitioner's conviction became final on June 29, 1999, when the South Carolina Court of Appeals issued the remittitur which ended appellate jurisdiction. *See Christy v. Christy*, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct.App. 1994)("The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court.").  However, Petitioner filed his first PCR action on May 25, 1999, prior to the completion of his direct appeal; therefore, the time was immediately tolled.  Petitioner's first PCR action concluded when the Supreme Court of South Carolina issued the remittitur on January 29, 2004.  At that point, Petitioner had one year in which to file his Petition for habeas corpus review.  Petitioner did not file the instant petition until November 20, 2006.  Clearly, Petitioner failed to file a timely petition.

Although the Petitioner filed a second state PCR action on October 7, 2004, that action was found to be untimely under the state statute of limitations.  "Because the state court rejected petitioner's second PCR application as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, Petitioner's second PCR filing is of no consequence when calculating the tolling of the one-year statute of limitations.

In the present case, the court notes that Petitioner acknowledges the lateness of the Petition and seeks to establish equitable tolling.  Specifically, Petitioner states in his Petition

that "the State's failure to provide access to the text of the AEDPA is sufficient ground for the "equitable tolling" of the one (1) year statute of limitation so as to now allow him to proceed with his [P]etition."[4]  As a threshold matter, the United States Supreme Court has not found that equitable tolling is available.  *See Pace* at 418, n. 8 ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Because respondent assumes that equitable tolling applies and because petitioner is not entitled to equitable tolling under any standard, we assume without deciding its application for purposes of this case.") (Internal citation omitted).  *See also Lawrence v. Florida*, — U.S. —, 127 S.Ct. 1079, 1085-86 (2007).

It appears that the AEDPA's statute of limitations is subject to equitable modifications such as tolling, in very limited circumstances.  *Harris v. Hutchinson*, 209 F.3d 325, 328-29 (4th Cir. 2000).  "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'  Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal citations omitted).

The record before this Court shows that Petitioner cannot show that he would be entitled to equitable tolling in this instance.  Petitioner claims in his Petition that "virtually all resources" in the Ridgeland Prison Law Library (where he was incarcerated at the time he filed his Petition") were state law resources.  Therefore, he "labored under the belief that either he had no Federal Review of his conviction, or if he did, he could seek that review at

---

[4] *See* Petition [1] at typewritten pages attached as pp. 1- 2.

any time that he may be able to afford to retain legal counsel.[5]  Even if this court were to assume that Petitioner was ignorant of the law, such ignorance is insufficient to justify equitable relief form the procedural requirements of 28 U.S.C. § 2254.  *Simmons v. State of South Carolina*, 2007 WL 954144 at *3 (D.S.C. 2007).  As the Fourth Circuit recently held, in the context of equitable tolling of the statute of limitations, "[e]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Harris* v. Hutchinson, 209 F.3d at 33-31) (unfamiliarity with the legal process, lack of representation, or illiteracy are not grounds for equitable tolling).  Furthermore, the alleged inadequacy of the law library does not toll the statute of limitations.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998) (Mere allegations that the law library was inadequate do not toll the statute of limitations.); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996)(because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program.).  *But see Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*) (per curiam)(a lack of access to AEDPA materials could be the basis of equitable tolling).

     Moreover, Petitioner has not set forth any facts that speak to a diligent pursuit of his rights under *habeas corpus* which would militate for the finding of equitable tolling.  "Under long-established principles, petitioner's lack of diligence precludes equity's operation."  *Pace*, 544 U.S. at 419, *citing Irwin v. Department of Veterans Affairs*, 498 U.S. at 96; *McQuiddy v. Ware*, 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").  "Federal courts have typically extended equitable relief only sparingly [. . . allowing . . .] equitable tolling in situations where the

---

[5]     *See* Petition [1] at typewritten page attached as p. 1.

claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," but not in cases of simple neglect. *Irwin v. Department of Veterans Affairs*, 498 U.S. at 96 (footnotes omitted). Petitioner's statements in this case suggest a neglect of a known remedy, indicated not only by Petitioner's admission that "if" he knew about the remedy, he thought he could file anytime, but also by the simple fact he waited nearly three years after his first PCR action concluded to file any petition in federal court. Consequently, the late filing is directly attributable to Petitioner's lack of diligence. *See Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001) (rejecting claim of equitable tolling based on allegation of law library deficiency where petitioner failed to show "any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts"); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting similar claim where no proof of diligence, noting "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"). Thus, there is no reason to recommend that the limitations period be equitably tolled in this case. Petitioner has not filed a timely Petition, and it is recommended that this action be dismissed.

**RECOMMENDATION**

Based upon the foregoing, it is recommended that Respondent's Motion for Summary Judgment **[11] should be granted**.

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

May 14, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).